UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE LOPEZ,

            Petitioner,

V.

MICHAEL GIAMBRUNO,

            Respondent.

**REPORT AND RECOMMENDATION**

05-CV-123
(FJS/VEB)

---

## I. INTRODUCTION

Petitioner, Jose Lopez, proceeding *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254 in the Western District of New York. In 2001, Petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and sentenced to an indeterminate term of seven and one-half (7 1/2) to fifteen (15) years. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated. By Order dated January 31, 2005, this case was transferred to the Northern District of New York by the Honorable William M. Skretny, United States District Judge for the Western District of New York. (Docket No. 3).

This matter was referred to the undersigned on November 5, 2007, by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. REPORT AND RECOMMENDATION

According to the Department of Correctional Services website[1], Petitioner was conditionally released from custody to parole on May 30, 2006.  Since his release more than one year ago, Petitioner has not provided this Court with a current address.   In fact, the order transferring this case to the undersigned was returned as undeliverable to this Court on November 7, 2007.  (Docket No. 17).  Petitioner's failure to keep the Court informed of his current address is a violation of Local Rule 10.1(b) and serves as a basis for dismissal of the Petition pursuant to Local Rule 41.2(b).

Rule 10.1(b) of the Local Rules of Civil Procedure for the United States District Court of the Northern District of New York states that "[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address." Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

Therefore, by Order dated November 21, 2007, this Court directed Petitioner to comply with Local Rule 10.1(b) and provide this Court with his current address within fifteen (15) days of the date of the Order or it would be recommended that his Petition be dismissed pursuant to Local Rule 41.2(b).  (Docket No. 18).  Twenty- two (22) days have passed since the date of the Order and Petitioner has failed to provide this Court with his

---

[1] http://www.docs.state.ny.us

current address.

Accordingly, as a result of Petitioner's failure to comply with Local Rule 10.1(b) and failure to respond to this Court's order of November 21, 2007, the Petition should be DISMISSED with prejudice pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

### IV. CONCLUSION

For the reasons stated above, the Court recommends Jose Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: December 13, 2007

Syracuse, New York

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

December 13, 2007

_____
Victor E. Bianchini
United States Magistrate Judge